IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM KRISTEN HATHAWAY AND BALTIMORE BEHAVIORAL HEALTH 403(b) PLAN, <br><br> Defendants. | Civil Action No._____ |

# COMPLAINT

Thomas E. Perez, Secretary of Labor ("Secretary"), United States Department of Labor, hereby alleges:

## Jurisdiction and Venue

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, *et seq.*, and is brought to obtain relief under §§ 409 and 502 of the Act, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA, § 409, 29 U.S.C. § 1109, and to obtain such further relief as may be appropriate to enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The Baltimore Behavioral Health 403(b) Plan (the "Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), and is therefore subject to the coverage of the Act, pursuant to § 4(a) of ERISA, 29 U.S.C. § 1003(a).

4. The Plan is administered in Baltimore, Maryland.

5. Venue with respect to this action lies in the District of Maryland, pursuant to § 502(e)(2) of the Act, 29 U.S.C. § 1132(e)(2) as the Plan was administered in and the Defendant's breaches took place in the District of Maryland. Additionally, Defendant William Kristen Hathaway resides in the District of Maryland.

**The Parties**

6. The Secretary, pursuant to §§ 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of the Act by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

**7.** Pursuant to the Plan's Adoption Agreement, Baltimore Behavioral Health ("BBH" or "the Company") was the Sponsor and Administrator of the Plan. At all relevant times, by not remitting employee contributions to the Plan from October 2009 through April 2010, BBH exercised discretionary authority or discretionary control respecting management of the Plan, and has exercised authority or control respecting management or disposition of the Plan's assets and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, BBH is a fiduciary with respect to the Plan as that term is defined in § 3(21)(A) of the Act, 29 U.S.C. §§ 1002(21)(A); and is a party-in-interest with respect to the Plan as that term is defined in §§ 3(14)(A) and (C) of the Act, 29 U.S.C. §§ 1002(14)(A) and (C).

8. At all relevant times, including calendar years 2009 and 2010, William Kristen Hathaway ("Hathaway") was an officer of BBH. Hathaway made the decision not to remit BBH employee contributions to the Plan from October 2009 through April 2010. Hathaway's decision not to remit employee contributions to the Plan was an exercise of discretionary authority or discretionary control respecting management of the Plan and an exercise of authority or control

respecting management or disposition of the Plan's assets and indicates that Hathaway had discretionary authority or discretionary responsibility in the administration of the Plan. Hathaway is therefore a fiduciary of the Plan within the meaning of § 3(21) of ERISA, 29 U.S.C. § 1002(21)(A), and a party-in-interest as that term is defined in §§ 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H).

9. The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## General Allegations

10. BBH established the Plan on January 1, 2005. The Plan permitted participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions.

11. For payroll periods from October 2009 through April 2010, BBH and Hathaway deducted money from participants' pay as employee contributions to the Plan but did not remit those employee contributions to the Plan. In addition, because BBH and Hathaway consistently remitted contributions only three to four times a year since the Plan's inception, contributions were consistently remitted late and without interest.

12. Unremitted employee contributions are assets of the Plan within the meaning of ERISA. BBH and Hathaway failed to segregate the Plan assets from the general assets of BBH.

13. BBH and Hathaway failed to ensure that the Plan assets described in paragraph 11, *supra*, were collected by the Plan.

14. BBH and Hathaway participated knowingly in or undertook to conceal actions by each other that they knew to be violations of ERISA. BBH and Hathaway knew or should have known that the other had violated ERISA but did not make reasonable efforts to remedy the breaches.

15. Hathaway failed to comply with § 404(a)(1) of ERISA in the administration of his fiduciary responsibilities and thereby enabled BBH to commit breaches of ERISA.

## **Violations**

16. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-15 inclusive.

17. By the actions described in paragraph 10-13, Hathaway, as a fiduciary of the Plan:

    a. failed to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of § 403(a) of ERISA, 29 U.S.C. § 1103(a);

    b. failed to ensure that the assets of the Plan did not inure to the benefit of the Company in violation of § 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

    c. failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of § 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

    d. failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of § 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

    e. caused the Plan to engage in transactions which he knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by

or for the benefit of a party-in-interest, in violation of § 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

f. dealt with assets of the Plan in his own interest or for their own account, in violation of § 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).

18. By the actions described in paragraph 10-13 and by participating knowingly in the fiduciary breaches of BBH, knowing such acts or omissions to be breaches of fiduciary duty, Hathaway is liable for BBH's breaches of fiduciary responsibility, pursuant to ERISA Section 405(a)(1), 29 U.S.C. § 1105(a)(1).

19. By the actions described in paragraph 10-13 and by failing to comply with his fiduciary duties in the administration of the Plan, Hathaway enabled BBH's breaches and therefore Hathaway is liable for BBH's fiduciary breaches pursuant to ERISA Section 405(a)(2), 29 U.S.C. § 1105(a)(2).

20. By the actions described in paragraph 10-13 and by failing to make reasonable efforts to remedy the breaches of which he had knowledge, Hathaway is liable for BBH's fiduciary breaches, pursuant to ERISA Section 405(a)(3), 29 U.S.C. § 1105(a)(3).

## **Prayer for Relief**

WHEREFORE, the Secretary prays that this Court issue an order:

a. Ordering Defendant Hathaway to restore the Plan of all losses, including interest or lost opportunity costs and the costs of the independent fiduciary, which were caused by his and BBH's fiduciary misconduct;

b. Requiring the Plan to set off any individual account balance of Defendant Hathaway against the amount of losses, including interest or lost opportunity costs and the costs of the independent fiduciary, resulting from his fiduciary or BBH's breaches, as authorized by 29 U.S.C. § 1056(d)(4), and reallocate it to the non-

breaching participants, if the losses are not otherwise restored to the Plan by Defendant Hathaway;

c. Removing Defendant Hathaway as a fiduciary of any employee benefit plan for which he acts as a fiduciary;

d. Permanently enjoining Defendant Hathaway from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

e. Permanently enjoining Defendant Hathaway from exercising any custody, control or decision making authority with respect to the assets of any employee benefit plan covered by ERISA;

f. Appointing an independent fiduciary with plenary authority and control with respect to the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan; to pursue claims on behalf of the Plan, and to take all appropriate action for the termination of the Plan and the distribution of benefits to the Plan's participants and beneficiaries, with all costs to be borne by Defendant Hathaway;

g. Ordering Defendant Hathaway, his agents, employees, service providers, banks, accountants, and attorneys to provide the Secretary and the independent fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Secretary and to independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

h. Awarding plaintiff, Secretary of Labor, the costs of this action; and

i. Awarding such other relief as is equitable and just.

| | |
|---|---|
| Mailing Address: | Respectfully submitted, |
| Douglas N. White<br>Associate Regional Solicitor<br>U.S. Department of Labor<br>1100 Wilson Boulevard<br>22nd Floor West<br>Arlington, VA 22209-2247<br>(202) 693-9393<br>Fax: (202) 693-9392 | M. Patricia Smith<br>Solicitor of Labor<br><br>Catherine Oliver Murphy<br>Regional Solicitor<br><br>Douglas N. White<br>Associate Regional Solicitor<br><br>/s/ *Joanne Roskey*<br>Joanne Roskey<br>Regional Counsel for ERISA<br>Federal Bar ID No. 23797<br>roskey.joanne@dol.gov<br>(215) 861-5126<br><br>/s/ *Lucy Chiu*_____<br>Lucy Chiu, Attorney<br>chiu.lucy@dol.gov<br>(202) 693-9385<br><br>U.S. DEPARTMENT OF LABOR<br>Attorneys for Petitioner |